UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JESSE LEE DRONES, (TDCJ #00472216) | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. H-25-876 |
| JESUS OSUNA, *et al.*, | § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Jesse Lee Drones, (TDCJ # 00472216), is an inmate at the Estelle Unit of the Texas Department of Criminal Justice–Correctional Institutions Division. Representing himself, he has sued TDCJ Sergeant Jesus H. Osuna, Sergeant Shawina K. Stoval, Corrections Officer Eminanuel Harris, and Sergeant Harrison under 42 U.S.C. § 1983. (Docket Entry No. 1). Drones alleges that the defendants assaulted him on January 11, 2025, causing him injuries. (*Id.* at 4, 6). He also alleges that he did not receive medical attention after the assault. (*Id.* at 6). Drones asks the court to arrest these officers and bring criminal charges against them. (*Id.* at 4). In addition to his complaint, Drones filed a motion seeking leave to proceed without prepaying the filing fee, but he did not include a certified copy of his inmate trust fund account statement, as required by 28 U.S.C. § 1915(a)(2). (Docket Entry No. 2).

Drones's action is governed by the Prison Litigation Reform Act, which was enacted, in part, to prevent prisoners from abusing the privilege of proceeding without prepaying the filing fee. *See Coleman v. Tollefson*, 575 U.S. 532, 535 (2015) (citing *Jones v. Bock*, 549 U.S. 199, 204 (2007)). Under the "three-strikes rule" established in the PLRA, a prisoner may not bring a civil action without prepaying the filing fee if, while he has been incarcerated, three or more of his civil

actions or appeals have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Since being incarcerated, Drones has filed more than 60 prisoner civil rights actions, 49 habeas corpus proceedings, and 63 appeals in the federal courts. He has accumulated numerous strikes for filing civil rights actions that were found to be frivolous. *See, e.g., Drones v. Pipkin*, Civil No. 4:00-34 (S.D. Tex. Feb. 6, 2001); *Drones v. Cockrell, et al.*, Civil No. 4:01-2691 (S.D. Tex. Dec. 31, 2001); *Drones v. State Classification Committee*, Civil No. 4:01-2741 (S.D. Tex. Jan. 31, 2002); *Drones v. Raging, et al.*, Civil No. 4:01-3492 (S.D. Tex. April 9, 2002); *Drones v. State of Texas*, Civil No. 4:02-2944 (S.D. Tex. Sept. 26, 2002); *Drones v. Medical Doctors, et al.*, Civil No. 1:07-87 (N.D. Tex. May 10, 2007); *see also Drones v. TDCJ Admin. Officials,* Civil No. 4:21-4241 (S.D. Tex. Jan. 5, 2022) (collecting past strikes and dismissing under § 1915(g)). As a result of these prior filings, Drones may not proceed with this civil action without prepaying the filing fee unless his pleadings show that he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g); *Baños v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam).

Drones is well aware that he is barred from proceeding without prepaying the filing fee by the three-strikes rule.[1] Despite this, he alleges no facts showing that he is entitled to proceed under the imminent-danger exception. The imminent-danger exception "operates as a safety valve to ensure that, despite the filing of frivolous lawsuits in the past, an abusive inmate facing future

---

[1] In 2021, the Fifth Circuit imposed a monetary sanction of $150.00 against Drones for failing to heed its previous warning by continuing to submit "repeated frivolous filings." *Drones v. Lumpkin*, Appeal No. 20-20598 (5th Cir. Aug. 13, 2021) (referencing the warning issued previously by the Fifth Circuit in *Drones v. Quarterman*, No. 07-20676 (5th Cir. June 19, 2008)). The Fifth Circuit's sanction order also prohibits Drones from further filings without permission from the district court or the Fifth Circuit. *See id.* Despite this recent sanction order, and at least one other sanctions order imposed by the Northern District of Texas in *Drones v. Collins, et al.*, Civil No. 1:07-89 (N.D. Tex. May 11, 2007), Drones denies in his current complaint that he has ever been sanctioned by any court. (Docket Entry No. 1, p. 4).

imminent serious physical injury by prison officials will still be able to pursue a judicial remedy to prevent such injury." *Castillo v. Bickham*, No. 14-2917, 2015 WL 251708, at *3 (E.D. La. Jan. 20, 2015). To fall within the exception, the inmate must be in imminent danger of serious physical injury when he files his complaint in the district court. *See Baños*, 144 F.3d at 884-85. The threat of injury must be "real and proximate," *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003), and the inmate must be facing "a genuine emergency" in which "time is pressing." *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003) (per curiam). Allegations of past harm do not trigger the exception. *See Choyce v. Dominguez*, 160 F.3d 1068, 1070 (5th Cir. 1998) (per curiam); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (en banc) ("'Imminent' dangers are those dangers which are about to occur at any moment or are impending[, and] [s]omeone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'"). In addition, allegations of the denial of routine medical care for conditions that are not immediately life-threatening do not trigger the exception. *See, e.g., McCoy v. Murray,* 600 F. App'x 250, 251 (5th Cir. 2015) (per curiam) (a prisoner's complaints of pain from a prior injury and alleged delays in receiving medication did not establish that he was in imminent danger of serious physical injury when he filed his complaint); *Garcia v. Randall Cnty. Jail*, No. 2:24-cv-00117-Z-BR, 2024 WL 3237169 (N.D. Tex. May 31, 2024) (denial of "adequate" care for on-going medical conditions, including cancer, artery problems, and a bleeding rectum, did not demonstrate that the prisoner was in imminent danger of serious physical injury); *Jackson v. United States*, Civ. No. 4:15-cv-696, 2016 WL 1375591, at *2 (N.D. Tex. Apr. 7, 2016) (a prisoner's general complaints about the ongoing nature of an alleged lack of medical care do not meet the imminent danger exception).

Drones does not allege any facts showing that he faces the kind of "*imminent* danger of *serious* physical injury" necessary to permit a prisoner who has filed multiple frivolous lawsuits in the past to proceed under § 1915(g). He is not entitled to proceed with this action unless he prepays the filing fee.

Drones's complaint, (Docket Entry No. 1), is dismissed without prejudice under 28 U.S.C. § 1915(g). All pending motions, including his motion to proceed without prepaying the filing fee, (Docket Entry No. 2), are denied as moot. If Drones wishes to pursue this action, he must prepay the full amount of the filing fee for a civil action ($405.00) within 30 days from the date of this order. **The Clerk will provide a copy of this order to the Manager of the Three Strikes List for the Southern District of Texas at: Three_Strikes@txs.uscourts.gov.**

SIGNED on March 18, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge